IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA ELBA HUEZO CUEVA<br>5708 37th Avenue<br>Hyattsville, MD  20782<br><br>    Plaintiff,<br><br>v.<br><br>EMMAUS, INC<br>d/b/a TJ'S GOURMET<br>1400 L Street N.W. #2<br>Washington, DC 20005<br><br>    Serve:  Resident Agent<br>               Terry K. Chung<br>               1400 L. Street N.W. #2<br>               Washington, DC 20005<br><br>and<br><br>TERRY K CHUNG<br>1400 L. Street N.W. #2<br>Washington, DC 20005<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Maria Elba Huezo Cueva ("Plaintiff"), by and through her attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files her Complaint against Defendants Emmaus, Inc. d/b/a TJ's Gourmet and Terry Chung (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, and the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3753664_2

## INTRODUCTION

Plaintiff worked for Defendants as a cook at TJ's Gourmet. Plaintiff worked an average of fifty hours per week and was not paid at the overtime rate of one and a half times her regular wage as required by D.C. and federal law. Defendants also failed to pay Plaintiff minimum wage under D.C. law. Instead, Defendants paid Plaintiff a flat weekly wage that, at times, amounted to less than minimum wage.  Defendants have willfully violated the clear and well-established minimum wage provisions of the DCMWRA and the overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all wages and unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant Emmaus, Inc. d/b/a TJ's Gourmet ("TJ's Gourmet") is a D.C. corporation.

5. Defendant Terry Chung is the owner of TJ's Gourmet.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3753664_2

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serves customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Chung controlled the day to day operations of TJ's Gourmet.

11. Defendant Chung had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Chung supervised Plaintiff directly or indirectly.

13. Defendant Chung directly or indirectly set and controlled Plaintiff's work schedules or had the power to do so.

14. Defendant Chung directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that individual employers are liable under FLSA and the DCWPCL if the employer meets the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp.2d 1, 5 (2010).

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id*.

17. Defendant Chung was Plaintiff's employer for purposes of individual liability because of his intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

FACTS

18. Plaintiff was employed by Defendants as cook/food preparer from 2012 through 2014 (the "Employment Period").

19. Plaintiff worked for Defendants from March 3, 2012 through May 1, 2013 at a rate of $7.60 per hour and from May 2, 2013 through June 13, 2014 at a rate of $11.00 per hour. She worked an average of fifty hours per week and was never compensated at the required overtime rate of one and one half times her regular rate, for those hours worked over forty hours.

20. Plaintiff is owed approximately $7,726.25 in minimum and overtime wages.

21. Plaintiff is owed minimum and overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

22. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

23. The precise number of hours worked, and wages owed, should be revealed through discovery.

24. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

## COUNT I
## (FLSA)

25. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

26. Defendants were required to pay Plaintiff compensation at the rate of one and a half times her normal hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3753664_2

27.     Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times the minimum hourly wage for all hours worked in excess of forty hours per week.

28.     Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

29.     Defendants' violation makes them liable to Plaintiff for all unpaid wages and unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in her favor in an amount to be determined at trial, but not less than $10,948.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

30.     Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

31.     Defendants were required to pay Plaintiff at the rate of $8.25 as required by D.C. law. *See* D.C. ST §32-1003.

32.     Defendants were required to pay Plaintiff one and a half times her normal hourly wage for hours in excess of forty hours per week.  *See* D.C. ST §32-1012.

33.     Defendants failed to pay Plaintiff the required minimum wage from March 3, 2012 through May 1, 2013 as required by DCMWRA.

34.     Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime required by the DCMWRA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

35. Unpaid wages are due and owing to Plaintiff by Defendants.

36. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $15,452.50 and to grant to Plaintiff her reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

37. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

38. The amounts owed to Plaintiff by Defendants for unpaid minimum wages and overtime constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

39. Defendants were required to pay to Plaintiff minimum wage as set forth by D.C. law and overtime wages at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

40. Defendants failed to pay Plaintiff the required minimum wage from March 3, 2012 through May 1, 2013 as required by DCMWRA.

41. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

42. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

43. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $23,178.75, which is approximately three times the wages owed; and to grant to Plaintiff her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      STEIN SPERLING BENNETT
                                      DE JONG DRISCOLL PC

By:      /s/ *Mary Craine Lombardo*
      Mary Craine Lombardo (495881)
      25 West Middle Lane
      Rockville, Maryland 20850
      (301) 340-2020
      (301) 354-8126 – fax
      mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020